## Andrew Sigourney *versus* William J. Eaton.

Where land is attached simultaneously by two creditors, and is duly levied on under their respective executions, they are each entitled to a moiety of the land, without regard to the relative amounts of such executions; but if such moiety is more than sufficient to satisfy the execution of one of the creditors, the surplus will go to the other creditor.

So, where an equity of redemption is attached simultaneously by two creditors, and sold under their executions, the proceeds are to be divided equally between them, subject to the same restriction.

*It seems*, that where land is simultaneously attached by two creditors, and executions are issued in their favor respectively, the officer levying under one of such executions may return, that in consequence of such simultaneous attachment, the execution was satisfied only to the amount of one half of the appraised value of the land.

BILL in equity. From an agreed statement of facts it appeared, that the plaintiff and defendant respectively, caused simultaneous attachments to be made, of the real estate of Zebulon Cary; that they entered their actions and obtained judgments; that the execution issued in favor of the plaintiff amounted to the sum of $484·18, and that in favor of the defendant, to the sum of $1602·03; that both executions were levied on a parcel of land of Cary which was not mortgaged, and were apparently returned by the officers to whom they were respectively delivered, as satisfied to the whole amount of the appraised value of such land, which was $175; that Cary's right of redeeming certain mortgaged real estate also was seized and sold under these executions, and in pursuance of an agreement in writing between the present plaintiff and defendant, was bid off by the latter for the sum of $656, to be held by them in proportion to their respective rights acquired by their original attachments of the same; that by virtue of such purchase and agreement, the defendant entered into possession of the premises so bid off by him, and received the rents and profits until the date of the bill; and that he also took the rents and profits of the real estate levied on.

It further appeared, that the defendant offered to pay to the plaintiff, such proportion of the rents and profits as the amount of the plaintiff's execution bore to the whole amount of both executions; but that the plaintiff demanded one half of the amount of such rents and profits.

If the Court should be of opinion, that the plaintiff was entitled to one half of the rents and profits, the defendant was to be defaulted ; if otherwise, the plaintiff was to be nonsuited.

*Barton*, for the plaintiff, cited Co. Litt. 21 *a*, and note 126 ; *Countess of Rutland's case*, 5 Co. 25 ; *Shove* v. *Dow*, 13 Mass. R. 529.

*Newton* for the defendant.

SHAW C. J. delivered the opinion of the Court. The Court are of opinion, that as to the land levied on by execution, and also as to the equity of redemption, the parties, by their attachments, took in moieties, without regard to the amount of their respective executions. The principle is this, that each by his attachment obtained a lien on the property in security of his debt, which would be valid for the whole, but for the attachment of the other. But the attachments being simultaneous, as between themselves, neither can claim priority. They hold not in shares or proportion, but *per mie et per tout*, and upon a division, neither can appropriate to himself more than a moiety.

This principle is to be applied, of course, with this qualification, that as the attachment constitutes a lien in security of a debt, if the moiety which either can hold is more than sufficient to satisfy his debt, the surplus will go to the other.

The mode in which the officers returned the levy on their executions, each being apparently returned satisfied to the amount of the appraised value, may cause some difficulty, and indeed the whole subject of simultaneous attachments, is full of difficulties. It would seem, that if the officer returned the whole appraised value of the land, on the smaller execution, it must be deemed satisfaction *pro tanto ;* but we are inclined to the opinion, that the officer might have returned, according to the truth of the case, that in consequence of a simultaneous attachment made by another creditor, the creditor in this execution, in legal effect, took a moiety only of the estate levied on, and so, that the execution was satisfied to the amount of one half of the appraised value. But as the parties in this case have agreed upon the facts, without making any technical question as to the form of the return, their respective rights are to be settled upon the principle above stated.